IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SIRRON HICKS,                         §
                                      §
              Petitioner,             §
                                      §
v.                                    §   CIVIL ACTION NO. 4:15-CV-722-Y
                                      §
LORIE DAVIS, Director,[1]             §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
              Respondent.             §


**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Sirron Hicks, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as untimely.

**I. Factual and Procedural History**

Petitioner is serving a life sentence on his 1990 Tarrant County conviction for murder in Case No. 0356647D for an offense occurring on October 22, 1988. (Pet. 2, ECF No. 1.) He is

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

ineligible for mandatory supervision and has been denied parole by

the Texas Board of Pardons and Paroles (the BOP) on three

occasions. (Resp't's Answer, Ex. A, ECF No. 9-1.) By way of the

instant petition, he challenges the BOP's April 29, 2014, denial of

parole for the following reasons:

> 2D.  The record indicates that the inmate committed one
>      or more violent criminal acts indicating a
>      conscious disregard for the lives, safety, or
>      property of others; or the instant offense or
>      pattern of criminal activity has elements of
>      brutality, violence, or conscious selection of
>      victim's vulnerability such that the inmate poses a
>      continuing threat to public safety; or the record
>      indicates use of a weapon.
> 7D.  The record indicates that length of time served by
>      the inmate is not congruent with offense severity
>      and criminal history.

(Pet. 6, ECF No. 1.) TDCJ's Offender Information Details, Parole

Review Information, @ http://www.tdcj.texas.gov/OffenderSearch.

Petitioner was notified of the denial on May 2, 2014. (Adm. R., WR-

83,481-01 27, ECF No. 7-3.) His next parole review date will be in

April 2017. (*Id.*) In three grounds for relief, Petitioner claims

the BOP violated his constitutional rights by denying his release

to parole. (Pet. 6-7, ECF No. 1.)

## II. Rule 5 Statement

Respondent believes that, although the petition is not

successive and Petitioner has exhausted his state remedies, the

petition is time-barred. (Resp't's Answer 3-6, ECF No. 9.)

## III. Discussion

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), which is applicable to this case, the limitations period began to run on the date on which Petitioner could have discovered, through the exercise of due diligence, the

3

factual predicate of his claims on May 2, 2014, the date he received notice of the BOP's decision, and expired one year later on May 2, 2015, subject to any applicable tolling.[2]

Petitioner's state habeas application filed on May 21, 2015, after limitations had already expired, did not toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not challenge his conviction and he did not reply to Respondent's answer on the issue of limitations or tolling. Thus, he has failed to demonstrate that he was prevented in any way from asserting his rights in federal court.

Petitioner's federal petition was due on or before May 2, 2015. Therefore, his petition filed on September 22, 2015, is untimely.

For the reasons discussed, the petition for a writ of habeas

---

[2]Respondent asserts the limitations period commenced on April 29, 2015, the date parole was denied, however Petitioner could not have discovered that fact until he received notice on May 2, 2014.

corpus is DISMISSED as time-barred. A certificate of appealability

is DENIED.

SIGNED July 1, 2016.

_Terry R. Means_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE